UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY IN FORMA PAUPERIS APPLICATION SHOULD NOT BE DENIED**

**I.
Proceedings**

On February 27, 2014, Joshua B. Shapiro ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), along with an in forma pauperis application in order to proceed without payment of the full filing fee. (Docket No. 1.) Because Plaintiff has requested leave to proceed in forma pauperis, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why his in forma pauperis application should not be denied.

**II.
Discussion**

A. **Summary of Plaintiff's Allegations.**

Plaintiff's Complaint alleges federal and state law claims against Lev Y. Suvorov ("Dimitri"), Mikhail Shalyapin, Los Angeles Police Department ("LAPD") Officer Ignacio, LAPD Officer Delatorre, LAPD Sergeant Tyson, and LAPD Sergeant Raul Jovel (collectively, "Defendants"). (See Complaint at 1-6). Plaintiff's claims arise from an alleged eviction from a unit in a condominium complex which Plaintiff claims to have been subleasing from Dimitri and Shalyapin (the "premises").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

The gist of the Complaint is that Plaintiff entered into an agreement with Dimitri and Shalyapin to share a room in the premises with other subtenants, and that when Dimitri and Shalyapin were unable to collect Plaintiff's March 2012 cash payment pursuant to their agreement with Plaintiff, Dimitri and Shalyapin and the defendant officers engaged in unlawful behavior by removing Plaintiff from the premises. (Complaint at 6-21.) Moreover, Plaintiff claims that Defendants distrained Plaintiff's personal property without notice or a hearing prior to the seizure. (Complaint at 21-28.) Plaintiff further alleges that Defendants Delatorre, Tyson, and Jovel refused Plaintiff's request to make a citizen's arrest of a subtenant who assaulted Plaintiff. (Complaint at 11, 34.) Plaintiff alleges that Defendants violated Plaintiff's rights to procedural due process and equal protection under the Fourteenth Amendment (Complaint at 13-28, 33-36), conspired to violate Plaintiff's constitutional rights (Complaint at 28-33), and violated state law (Complaint at 36-66). Plaintiff seeks compensatory and punitive damages. (Complaint at 66-68.)

**B.    Legal Standard.**

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam) (citation and internal quotation marks omitted); see also 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss in forma pauperis case at any time it determines the action: "(i) is frivolous or malicious; [¶] (ii) fails to state a claim on which relief may be granted; [¶] or (iii) seeks monetary relief against a defendant who is immune from such relief."). Dismissal is appropriate if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94; Albright v. Oliver, 510 U.S. 266, 267 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*.") (italics in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**C.  Analysis.**

   **1.  Plaintiff's Procedural Due Process Claims Are Subject To Dismissal For Failure To State A Claim.**

      **i.  Wrongful Eviction.**

Plaintiff essentially claims that his procedural due process rights were violated when he was the victim of an extrajudicial eviction from the premises by Dimitri, Shalyapin and the officer defendants. (See Complaint at 6-21.)  Specifically, Plaintiff alleges that Dimitri and Shalyapin "rented" 14 bunk beds located in two bedrooms in the premises, while Dimitri and Shalyapin "slept in the living room on a futon couch." (Complaint at 7.)  On February 1, 2012, Plaintiff allegedly "signed and dated an agreement which identified the rules and regulations for living [in the premises,] which defendants Shalyapin and Dimitri presented to the Plaintiff[,]" and Plaintiff "satisfied a $325.00 cash payment for rent to defendants[] Shalyapin and Dimitri to live [in the premises.]"  (Complaint at 6.)  Dimitri and Shalyapin issued Plaintiff a set of two keys to the premises and gave him the security code to access the condominium complex in which the premises were located. (Complaint at 6.)

Plaintiff explains that he "discovered defendant Dimitri's lease agreement [for the premises] prohibited subleasing[,]" and that "Dimitri was subleasing the [premises] in breach of his lease with the condominium complex." (Complaint at 7.) According to Plaintiff, Christine of the leasing office for the condominium complex informed Plaintiff that she told the owner of the premises that defendant Dimitri was subleasing the unit in breach of his lease, but "the owner was only concerned with collecting rent on time." (Complaint at 8.) Christine allegedly also informed Plaintiff that Defendant Shalyapin had rented another unit in the same condominium complex "which had to be closed because of similar problems he was having trying to manage the unit with defendant Dimitri." (Complaint at 8.)

Plaintiff further alleges that "[w]hen defendants[] Shalyapin and Dimitri were unable to collect the Plaintiff's March . . . 2012 [rent,] they became upset with him and sought to expedite the eviction of the Plaintiff from the [premises] by jerry-rigging the door, concerting a[] physical assault, confiscating the Plaintiff's set of keys, distraining his personal property, and using police to expedite the eviction." (Complaint at 8.) In particular, Plaintiff states that on March 8, 2012, Plaintiff twice called the police "because he was being physically assaulted and [due to] problems that continued to escalate where defendants[] Dimitri and Shalyapin were trying to expedite the eviction of the Plaintiff." (Complaint at 9.) At 5:30 p.m., LAPD Officers Chung and Machiewics responded to Plaintiff's call for service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

According to Plaintiff, "[t]he officers were able to verify that the Plaintiff lived at the unit and informed defendants[] Shalyapin and Dimitri they could not evict the Plaintiff from the unit without going to court." (Complaint at 9.) On March 9, 2012, Defendants Shalyapin and Dimitri "jerry-rigged" the bottom lock to the premises and caused a subtenant to "get into a physical assault with the Plaintiff," taking advantage of the assault to confiscate Plaintiff keys and personal property, and Defendant Dimitri "thr[e]w[]" Plaintiff's personal property out of the premises. (Complaint at 10.) Plaintiff called the police. Defendants Ignacio and Delatorre responded to the call and "came in contact" with Plaintiff at the condominium complex. (Complaint at 10.) Plaintiff

> took defendants[] Ignacio and Delatorre up the elevator to the fourth floor where the [premises] were located. While entering the condominium complex defendants[] Ignacio and Delatorre observed the Plaintiff punch in the security code to access the building, had an email from defendant Shalyapin showing he had corresponded with the Plaintiff to sublease him the [premises], had a written agreement the Plaintiff claimed defendants[] Shalyapin and Dimitri gave him; personal property of the Plaintiff's in a suitcase with clothes, personal [e]ffects, linens, pillows, and were aware the Plaintiff had corresponded with Christine of the leasing office for the condominium complex, and that the bottom lock to the unit had been jerry-[r]igged to prevent the Plaintiff's entry.

(Complaint at 10-11.) Plaintiff informed Defendants Ignacio and Delatorre that LAPD Officers Chung and Mackiewics responded to the premises following a call from Plaintiff the previous day "regarding the same problem" and "were able to verify the Plaintiff did live at the [premises]." (Complaint at 11.) Moreover, Plaintiff explained to Defendants Ignacio and Delatorre that he was physically assaulted by another subtenant and that, during the altercation, Plaintiff's set of keys were taken from him. (Complaint at 11.) Plaintiff further sought to make a citizen's arrest against the subtenant who assaulted him, but Defendants Ignacio and Delatorre refused to investigate or make the arrest. (Complaint at 11.) Defendants Ignacio and Delatorre spoke with Defendant Dimitri concerning the premises, and the latter told the officers that "this was his unit and he wanted for them to get rid of the Plaintiff." (Complaint at 12.) Defendants Ignacio and Delatorre "claimed the Plaintiff did not have proof of residency, i[.]e[.,] lease/rent receipt[,] and therefore, could not regain entry into the unit." (Complaint at 12.) Plaintiff disagreed "because the other subtenants and neighbors that lived in the condominium complex . . . could verify the Plaintiff lived at the unit, and that Christine from the leasing office could also verify the Plaintiff had been living at the unit." (Complaint at 12.) Defendants Ignacio and Delatorre "had their supervisors Sgt. Tyson and Sgt. Jovel hear the situation [to] see what [they] had to say." (Complaint at 12.) Defendants Tyson and Jovel "stated they understood what the Plaintiff was saying, but [they] supported defendants[] Ignacio['s] and Delatorre['s] decision and stated the Plaintiff needed to vacate the condominium complex and the [premises] or he would be arrested for trespassing." (Complaint at 12.) Plaintiff gathered the personal property that Defendants Dimitri and Shalyapin had abandoned outside the premises. Plaintiff never recovered the remaining personal property that Defendants Shalyapin and Dimitri confiscated and withheld inside the premises. (Complaint at 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

The Due Process Clause of the Fourteenth Amendment guarantees that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend XIV.  Procedural due process claims are examined under a two-part analysis.  First, the court must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment.  Only after identifying such a right do we continue to consider whether the deprivation of that interest contravened notions of due process.  See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989).  "Property interests are not created by the Constitution[.]"  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985).  Instead, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law[.]" Id. (internal quotation marks, ellipsis, and citation omitted).

Here, Plaintiff alleges that the lease for the premises prohibited subleasing.  (Complaint at 7.)  Under California law, therefore, Plaintiff's agreement to sublease the premises from Defendants Dimitri and Shalyapin was invalid, ineffective and void.  See Little v. Guadron, 232 Cal.Rptr. 516, 517-18 (1986) (residential landlord may require tenant to sign written agreement that prohibits subleasing).  Plaintiff does not allege facts showing that the lease's restriction on subleasing was unenforceable under the circumstances.  In any event, even if the Plaintiff's agreement with Defendants Shalyapin and Dimitri was valid under the lease, Plaintiff cannot show the existence of a conventional relationship of landlord and tenant where Plaintiff and other individuals occupied bunks in premises remaining under the supervision and control of the alleged sublessor.  (Complaint at 7 (indicating that Defendants Dimitri and Shalyapin shared occupancy of the premises with Plaintiff and the other "subtenants").)  "The absence of specified premises assigned for the exclusive occupancy of a particular person or persons with the capacity and right to exclude others from entering would seem to preclude the existence of anything resembling a conventional landlord-tenant relation." Martinez v. Sonoma-Cutrer Vineyards, 577 F.Supp. 451, 454 (C.D. Cal. 1983) (rejecting plaintiffs' § 1983 claim that they were deprived of a property interest without due process of law when they were evicted from their premises without the benefit of an unlawful detainer procedure because plaintiffs failed to establish the existence of a protected property interest in the case of "workers occupying bunks in a barracks remaining under the supervision and control of the employer through its foreman").  Taking Plaintiff's allegations in the Complaint as true, therefore, the Court finds that Plaintiff does not establish the existence of a protected property interest.

Moreover, even if Plaintiff could show a protected property interest in the premises, Plaintiff does not allege facts sufficient to show Defendants acted under "color of state law" as required to support a § 1983 action.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the deprivation was committed by a person acting under color of state law.  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); West v. Atkins, 487 U.S. 42, 48 (1988).  Evictions take place under color of state law when police are involved "every step" of the way.  Howerton v. Gabica, 708 F.2d 380, 385 (9th Cir. 1983).  Here, Plaintiff alleges that the officer defendants arrived on the scene and told Plaintiff to leave the premises after his possessions had been moved out of the premises, the "bottom lock to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

[premises] had been jerry-rigged to prevent the Plaintiff's entry", and his keys to the premises had been confiscated. (Complaint at 10-13.) These facts do not set forth a plausible claim that the officers were part of the eviction process. See Howerton, 708 F.2d at 385; see, e.g., Anderson v. Lomas, 2011 WL 5190044, at*4 (N.D. Cal. 2011) (defendants could not be held liable under § 1983 for alleged wrongful eviction where the officer defendants arrived on the scene and told plaintiffs to leave the premises only after plaintiffs possessions were moved out and the locks were changed).

In sum, Plaintiff fails to state a cognizable procedural due process claim in relation to his allegations that he was wrongfully evicted from the premises without prior notice and a hearing.

### ii. Seizure of Plaintiff's Property.

Plaintiff alleges that Defendants violated Plaintiff's Fourteenth Amendment right to procedural due process when they unlawfully seized Plaintiff's personal property without providing notice or a hearing before the deprivation occurred. (Complaint at 21-28.) As previously noted, on March 9, 2012, Defendants Shalyapin and Dimitri allegedly "jerry-rigged" the lock to the premises and caused another subtenant to "get into a physical assault with the Plaintiff," taking advantage of the assault to confiscate Plaintiff's keys and personal property. (Complaint at 10.) According to Plaintiff, while Defendant Dimitri "thr[e]w[]" some of Plaintiff's personal effects outside the premises where Plaintiff could recover them (Complaint at 10, 12-13), Plaintiff was unable to regain possession of the following items withheld inside the unit by Defendants Shalyapin and Dimitri: clothes, "Phantom Fusion power razor", "Phantom Fusion power razor blade cartridges", personal papers, shaving cream, shoes, conditioner, and shampoo. (Complaint at 12-13, 26.)

At the core of the due process clause is the right to notice and a hearing "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965). "Ordinarily, due process of law requires an opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978) (internal citation omitted). However, even assuming the property Defendants Dimitri and Shalyapin allegedly withheld inside the premises qualifies as "significant," and even if Plaintiff did not receive due process prior to the seizure of these items, Plaintiff's allegations are insufficient to support a § 1983 action because he does not show Defendants acted under "color of state law" in depriving him of his property. American Mfrs. Mut. Ins. Co., 526 U.S. at 49-50; West, 487 U.S. at 48. As previously noted, Plaintiff alleges that the officer defendants arrived on the scene and instructed Plaintiff to leave the premises or risk arrest for trespassing after the "bottom lock to the [premises] had been jerry-rigged to prevent the Plaintiff's entry", his keys to the premises had been confiscated, and some of his personal effects had been withheld inside the premises by Defendants Shalyapin and Dimitri. (Complaint at 10-13.) These facts do not set forth a plausible claim that the officer defendants were part of the seizure of Plaintiff's property. Cf. Cochran v. Folger, 740 F.Supp.2d 923, 928, 933-34 (E.D. Ky. 2010) (finding violation of plaintiff's Fourteenth Amendment rights when "deputy sheriffs on site threatened to restrain and/or arrest anyone who attempted to interfere with the [landlord]'[s] procurement of [plaintiff]'s personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

property"); see also Howerton, 708 F.2d at 385. Purely private conduct by Defendants Dimitri and Shalyapin, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975).

\* \* \* \*

Based on the foregoing, the Court concludes that the Complaint fails to allege a cognizable claim for violation of Plaintiff's Fourteenth Amendment due process rights. Plaintiff's Fourteenth Amendment due process claims are subject to dismissal.

**2. Plaintiff's Fourteenth Amendment Equal Protection Claim Is Subject To Dismissal For Failure To State A Claim.**

Plaintiff asserts a Fourteenth Amendment claim under the Equal Protection Clause. (Complaint at 33-36.) Specifically, Plaintiff alleges that the officer defendants "intentionally treated the Plaintiff differently than the other subtenants living at the unit at the time of the incident . . . without any rational basis." (Complaint at 34.) Plaintiff states that he was a "lawful subtenant that had been living at the [premises] and had sufficient proof that he had been lawfully living there", and the officer defendants' "actions in expediting the eviction of the Plaintiff from the [premises] was [sic] . . . malicious, irrational, and arbitrary." (Complaint at 35-36 (alleging further that the officer defendants' purported reasons for their actions, i.e., the fact that Plaintiff "did not have a lease/rental receipt" and that "defendants[] Dimitri and Shalyapin instruct[ed the officers] to evict the Plaintiff", were "irrational" and did not "preclude" Plaintiff's right to continued occupancy of the premises).) According to Plaintiff, moreover, the officer defendants' failure to carry out a citizen's arrest against the subtenant who assaulted Plaintiff as requested by Plaintiff was "irrational and arbitrary" and "both the Plaintiff and the subtenant that assaulted him were similarly situated." (Complaint at 34.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (internal quotation marks and citation omitted). Although an equal protection claim typically involves discrimination based on membership in a class, an individual singled out for differential treatment in an irrational and arbitrary manner may sometimes bring a "class of one" equal protection claim. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(per curiam); see also Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). The plaintiff must show that the defendant intentionally treated plaintiff differently from others similarly situated, and that there is no rational basis for the difference in treatment. Olech, 528 U.S. at 564. The degree of similarity between plaintiff and the persons with whom he compares himself must be extremely high. See Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir.), cert denied, __ U.S. __ , 131 S. Ct. 824 (2010) ("[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.") (internal quotation marks and citation omitted);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

Purze v. Village of Winthtrop Harbor, 286 F.3d 452, 455 (7th Cir. 2002) (plaintiffs "must demonstrate that they were treated differently than someone who is *prima facie* identical in all relevant respects").

      Here, Plaintiff does not allege that he was treated differently than others similarly situated to him. While Plaintiff claims that he was treated differently than the other subtenants at the premises, Plaintiff has not alleged that his circumstances were similar to those of any other subtenant in all relevant respects. Likewise, Plaintiff's mere allegation that the officer defendants refused to carry out a citizen's arrest at Plaintiff's request fails to establish that Plaintiff was treated differently than any other similarly situated individual. Without specific allegations showing that defendants treated Plaintiff differently from similarly situated persons, there is no factual basis for his equal protection claim. See McDonald v. Village of Winnetka, 371 F.3d 992, 1002 (7th Cir. 2004) (homeowner failed to establish class-of-one equal protection claim when he failed to identify anyone similarly situated to him who was intentionally treated differently in connection with investigation of fire); Buchanan v. Maine, 469 F.3d 158, 178 (1st Cir. 2006) ("Plaintiffs claiming an equal protection violation must first identify and relate specific instances where persons *situated similarly in all relevant aspects* were treated differently.") (internal quotation marks and citation omitted); Vinatieri v. Mosley, 787 F.Supp. 2d 1022, 1031 (N.D. Cal. 2011) (plaintiff challenging police failure to arrest neighbor who assaulted him failed to state an equal protection claim when he failed to explain "to *whom* he was similarly situated"), aff'd, 2013 WL 3389360 (9th Cir., Jul. 9, 2013).

      Accordingly, Plaintiff's equal protection claim is subject to dismissal.[1]

---

[1] In addition to Plaintiff's failure to allege differential treatment, the Court notes that an individual may not pursue a class-of-one equal protection claim based on official acts that are inherently discretionary. See Engquist, 553 U.S. at 602-03 (when state action involves "discretionary decisionmaking based on a vast array of subjective, individualized assessments," there is no equal protection violation "when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted"); Towery v. Brewer, 672 F.3d 650, 660-61 (9th Cir.), cert. denied, --- U.S. ---, 132 S. Ct. 1656 (2012) ("In other words, the existence of discretion, standing alone, cannot be an Equal Protection violation. At the very least, there must be some respect in which the discretion is being exercised so that the complaining individual is being treated less favorably than others generally are."); compare Flowers v. City of Minneapolis, 558 F.3d 794, 799 (8th Cir. 2009) (police officer's decisions regarding whom to investigate are subject to traditional class-based equal protection analysis but may not be attacked in a class-of-one equal protection claim); Donahue v. Arpaio, 869 F. Supp. 2d 1020, 1074 (D. Ariz. 2012) (discretionary decisions by sheriff and prosecutor during investigation and prosecution of criminal charges could not be basis for a class-of-one equal protection claim) with Elliott-Park v. Manglona, 592 F.3d 1003, 1006-07 (9th Cir. 2010) (allegations that Micronesian police officers failed to investigate and arrest a Micronesian drunk driver involved in accident with Korean victim due to race-based reasons stated an equal protection claim); but see Hanes v. Zurick, 578 F.3d 491 (7th Cir. 2009) (allowing class-of-one claim when plaintiff alleged that officer was motivated by personal animus when he repeatedly arrested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | | Date | April 4, 2014 |
|---|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | | |

 **3.** **Plaintiff's § 1983 Conspiracy Claim Is Subject to Dismissal For Failure To State A Claim.**

 Because Plaintiff fails to state an underlying constitutional claim, his allegations are insufficient to state a claim for conspiracy. (See Complaint at 28-33); Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989) (no liability for conspiracy under section 1983 "unless there is an actual deprivation of civil rights"); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) ("plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right"); Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006) (while conspiracies may be actionable under § 1983, there must have been an actual deprivation of a right secured by the Constitution and laws); Cefalu v. Village of Elk Grove, 211 F.3d 416, 423 (7th Cir. 2000); Young v. County of Fulton, 160 F.3d 899, 904 (2d Cir. 1998).

 In sum, Plaintiff's conspiracy claim is subject to dismissal.

 **4.** **Plaintiff's State Law Claims May Be Subject To Dismissal.**

 The California Tort Claims Act (also known as the Government Claims Act) ("CTCA") requires that a party seeking to recover money damages from a public entity or its employees for violations of California law must first submit a written claim to the entity before filing suit in court. Cal. Gov't Code § 945.4, 950.2. The filing of a claim is a condition precedent to the maintenance of an action under state law and an integral part of the cause of action. Karim–Panahi, 839 F.2d at 627; Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). The complaint must allege compliance with the claims procedure, and failure to make this allegation provides grounds to dismiss the claims. Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988); Pacific Tel. & Tel. Co. v. County of Riverside, 106 Cal.App.3d 183, 188 (1980). Here, to the extent Plaintiff's state law claims are subject to the CTCA, Plaintiff fails entirely to allege compliance with the CTCA or circumstances excusing such compliance.

 Based on the foregoing, it appears that Plaintiff's state law claims may be subject to dismissal.

**III.**
**Conclusion**

 Based the foregoing, Plaintiff is ordered to show cause on or before April 24, 2014, why his in forma pauperis application should not be denied. If Plaintiff still wishes to pursue this action, he shall have until April 24, 2014, to file a First Amended Complaint, attempting to cure the defects in the

---

only plaintiff during plaintiff's disputes with neighbors).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0286-UA (JEM) | Date | April 4, 2014 |
|---|---|---|---|
| Title | Joshua B. Shapiro v. Lev Y. Suvorov, et al. | | |

Complaint. The First Amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

      Failure to comply with these requirements may result in a recommendation that the in forma pauperis application be denied for failure to state a claim on which relief may be granted. The failure to properly respond to this OSC may result in a recommendation that the in forma pauperis application be denied for failure to prosecute and/or failure to comply with a court order.

IT IS SO ORDERED.

cc: Parties

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | sa | |